UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ENRIQUE POLA,                    )
                                 )   No. CV-12-3068-CI
        Plaintiff,               )
                                 )   ORDER GRANTING PLAINTIFF'S
v.                               )   MOTION FOR SUMMARY JUDGMENT
                                 )
CAROLYN W. COLVIN, Acting        )
Commissioner of Social           )
Security,[1]                     )
                                 )
        Defendant.               )
                                 )

    BEFORE THE COURT are cross-motions for Summary Judgment.  ECF
No.  16,  20.   Attorney  D.  James  Tree  represents  Enrique
Pola(Plaintiff); Special Assistant United States Attorney Brett E.
Eckelberg  represents  the  Commissioner  of  Social  Security
(Defendant).    The  parties  have  consented  to  proceed  before  a
magistrate  judge.  ECF No. 6.  After reviewing the administrative
record and briefs filed by the parties, the court **GRANTS** Plaintiff's
Motion  for  Summary  Judgment  and  **DENIES**  Defendant's  Motion  for

_____

    [1]Carolyn  W.  Colvin  became  the  Acting  Commissioner  of  Social
Security  on  February  14,  2013.   Pursuant  to  Fed. R. Civ. P. 25(d),
Carolyn  W.  Colvin  is  substituted  for  Michael  J.  Astrue  as  the
defendant  in  this  suit.  No  further  action  need  be  taken  to  continue
this  suit.   42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

Summary Judgment.

## JURISDICTION

On August 6, 2007, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning December 1, 2004, and later amended the onset date to September 30, 2007. Tr. 21; 38. Plaintiff reported that his ability to work was limited by a pinched nerve, bad back, tiredness, depression and schizophrenia. Tr. 199. He explained that his condition causes him severe emotional problems, fatigue, back pain, impedes his memory and concentration, and he is unable to "deal with people." Tr. 199. Plaintiff's claim was denied initially and on reconsideration, and he requested a hearing before an administrative law judge (ALJ). Tr. 56-133. A hearing was held on April 16, 2010, at which vocational expert Scott Witmer, Plaintiff's wife Sylvia Pola, and Plaintiff, who was represented by counsel, testified. Tr. 35-54. ALJ Kim D. Parrish presided from Oklahoma City. Tr. 37. The ALJ denied benefits on May 28, 2010. Tr. 21-30. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 48 years old. Tr. 40. He earned a high school diploma, and his past jobs included working as a certified nurse's aide and as a janitor. Tr. 40; 50.

Plaintiff testified that as a child, he was physically and sexually abused, and he was raised by a single mother. Tr. 42. He said that in 2007, he frequently experienced thoughts of suicide.

1  Tr. 42-43.

2      Plaintiff testified that his back and hips hurt, and he is

3  often tired.  Tr. 43.  He said he does not sleep well and during the

4  night he worries and checks multiple times to ensure the door is

5  locked.  Tr. 44.  He said he suffers from anxiety, during which he

6  becomes frightened, and his mind and heart start racing.  Tr. 46.

7  Plaintiff's wife testified that he rarely leaves the home, and if he

8  does occasion into a store with her, he is loud and makes rude

9  comments about other people.  Tr. 48.

10                    **ADMINISTRATIVE DECISION**

11      At step one, the ALJ found that Plaintiff had not engaged in

12  substantial gainful activity since during the period from his

13  alleged onset date of September 30, 2007, through his date of last

14  insured.  Tr. 23.  At step two, he found Plaintiff had the severe

15  impairments of schizoaffective disorder, antisocial disorder, and

16  histrionic personality disorder.  Tr. 23.  At step three, the ALJ

17  determined Plaintiff's impairments, alone and in combination, did

18  not meet or medically equal one of the listed impairments in 20

19  C.F.R., Subpart P, Appendix 1(20 C.F.R. §§ 416.920(d), 416.925 and

20  416.926).  Tr. 23.  The ALJ found Plaintiff has the residual

21  functional capacity ("RFC") to perform a full range of work at all

22  exertional levels but with the following nonexertional limitations:

23  "the claimant requires to work [sic] in relative isolation with

24  limited contact with peers, supervisors, and the general public.

25  The claimant is able to sustain concentration necessary for

26  unskilled work."  Tr. 24.

27      In step four findings, the ALJ found Plaintiff's statements

28  regarding pain and limitations were not credible to the extent they

1   were inconsistent with the RFC findings.  Tr. 25.  Also, the ALJ
2   found that Plaintiff is unable to perform past relevant work.  Tr.
3   28.  The ALJ concluded that jobs exist in significant numbers in the
4   national economy that Plaintiff can perform, and identified
5   representative occupations such as baker racker, warehouse hand
6   cutter, and weight tester.  Tr. 29.

7                           **STANDARD OF REVIEW**
8       In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the
9   court set out the standard of review:

10          A district court's order upholding the Commissioner's
            denial of benefits is reviewed *de novo*. *Harman v. Apfel*,
11          211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the
            Commissioner may be reversed only if it is not supported
12          by substantial evidence or if it is based on legal error.
            *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
13          Substantial evidence is defined as being more than a mere
            scintilla, but less than a preponderance.  *Id.* at 1098.
14          Put another way, substantial evidence is such relevant
            evidence as a reasonable mind might accept as adequate to
15          support a conclusion.  *Richardson v. Perales*, 402 U.S.
            389, 401 (1971).  If the evidence is susceptible to more
16          than one rational interpretation, the court may not
            substitute its judgment for that of the Commissioner.
17          *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of
            Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
18
            The ALJ is responsible for determining credibility,
19          resolving conflicts in medical testimony, and resolving
            ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
20          Cir. 1995).  The ALJ's determinations of law are reviewed
            *de novo*, although deference is owed to a reasonable
21          construction of the applicable statutes.  *McNatt v. Apfel*,
            201 F.3d 1084, 1087 (9th Cir. 2000).
22

23      It is the role of the trier of fact, not this court, to resolve
24   conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence
25   supports more than one rational interpretation, the court may not
26   substitute its judgment for that of the Commissioner.  *Tackett*, 180
27   F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).
28   Nevertheless, a decision supported by substantial evidence will

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4

still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.,* 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

**ISSUES**

The question presented is whether substantial evidence exists

to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends that the ALJ erred by failing to properly weigh the medical opinions and by finding Plaintiff lacked credibility. ECF No. 16, 21.

**DISCUSSION**

The Plaintiff argues that the ALJ erred by failing to provide a complete hypothetical and by finding Plaintiff's subjective complaints not credible.[2]  ECF No. 16.  Specifically, Plaintiff contends that the hypothetical the ALJ proposed to the vocational expert was incomplete because it failed to include the multiple "moderate" limitations assessed by Dr. Flanagan. ECF No. 16 at 13-14.

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. *Lester*, 81 F.3d at 831. An ALJ must evaluate the opinion of a non-examining source and explain the weight given to it. SSR 96-6p. Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

In analyzing medical opinions, the ALJ must do more than merely state his conclusions:  "He must set forth his own interpretations

---

[2]Because the first issue requires remand, the court does not address Plaintiff's claim that the ALJ erred in his credibility determination.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 6

and explain why they, rather than the doctors,' are correct."
*Reddick*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418,
421-22 (9th Cir. 1988)). The ALJ's conclusions must be supported by
substantial evidence. *Reddick*, 157 F.3d at 725. A medical opinion
may be rejected by the ALJ if it is conclusory, contains
inconsistencies, or is inadequately supported. *Bray v. Comm'r Soc.
Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Thomas*, 278 F.3d
at 957. In assessing a claimant's residual functional capacity, an
ALJ must consider and evaluate the opinions of state agency
physicians or psychologists using all factors set forth in the
regulations for analyzing opinion evidence. SSR 96-6p.

In this case, the ALJ's explanation of the weight he gave to
all the medical assessments was provided in a single sentence: "As
for the opinion evidence, the claimant has not had any permanent
limitations or restrictions placed on his ability to perform basic
work activities by any treating or examining physicians." Tr. 28.
This conclusion is not supported by the record.

On November 15, 2007, Rita Flanagan, Ph.D., reviewed
Plaintiff's file and completed a check the box Mental Residual
Functional Capacity Assessment. In that assessment, Dr. Flanagan
opined that Plaintiff was markedly limited in his ability to
interact appropriately with the general public. Tr. 371. In the
check-the-box portion of the form, section I, Dr. Flanagan assessed
Plaintiff with moderate[3] limitations in his ability to (1) understand
and remember detailed items; (2) carry out detailed instructions;
(3) maintain attention and concentration for extended periods; (4)

---

[3]"Moderate" is not defined within the form.

1  work in coordination or proximity to others without being distracted
2  by them; (5) complete a normal workday and workweek without
3  interruptions from psychologically based symptoms  and to perform at
4  a consistent pace without an unreasonable number and length of rest
5  periods; (6) get along with coworkers or peers without distracting
6  them or exhibiting behavior extremes; and (7) respond appropriately
7  to changes in the work setting.  Tr. 370-71.

8      In section III, the narrative portion of the form, Dr. Flanagan
9  explained that Plaintiff's allegations "are not fully credible,"
10 because over time, he reported different symptoms to different
11 providers.  Tr. 372.  However, Dr. Flanagan concluded, "[r]egardless
12 of credibility issues, [claimant] appears to experience bona fide
13 [symptoms], but would still be capable of [simple work]."  Tr. 372.
14 Dr. Flanagan added that Plaintiff would work best away from the
15 public, with little interaction, and he could benefit from
16 additional time to adapt to change in the work setting.  Tr. 372.

17     At the hearing, the vocational expert was presented with a
18 hypothetical that included all the section I "moderate" limitations
19 assessed by Dr. Flanagan.  Tr. 52-53.  In response to that
20 hypothetical, the vocational expert stated, "[a]ssuming that a
21 person manifests those issues and those problems on a daily basis in
22 a work setting, one would quickly be terminated."  Tr. 53.  The
23 vocational expert also opined that having a single moderate
24 limitation in the ability to complete a normal workday and workweek
25 due to psychologically based symptoms that would interrupt a
26 consistent pace would affect an individual's ability to sustain
27 employment in an unskilled job because pace is "one of the primary
28 essential points of an unskilled job."  Tr. 53-54.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 8

1    The ALJ found that Plaintiff's RFC included a full range of
2 work at all exertional levels with the single limitation that
3 Plaintiff was to have limited contact with peers, supervisors and
4 the general public, and the ALJ opined that Plaintiff "is able to
5 sustain concentration necessary for unskilled work."   Tr. 24.
6 Plaintiff contends that the RFC was inaccurate because it failed to
7 incorporate the multiple "moderate" limitations expressed by Dr.
8 Flanagan. ECF No. 21 at 6-7. Defendant counters that section I is
9 "merely a worksheet," is not as important as section III, and cites
10 an unpublished case as support.   ECF No. 20 at 9-10.   Inherent in
11 both parties' argument is the fact that Dr. Flanagan's report
12 appears internally inconsistent.   In section I, the doctor assesses
13 multiple "moderate" limitations.   Tr. 370-71.   In section III, the
14 doctor opined Plaintiff is capable of simple work, but noted
15 Plaintiff's concentration and persistence will be impaired.   Tr.
16 372.  Compounding the problem is the VE opinion that the "moderate"
17 limitations assessed in section I preclude all work for Plaintiff.
18    The ALJ is responsible for resolving conflicts in medical
19 testimony. *Allen v. Heckler,* 749 F.2d 577, 579 (9th Cir. 1984).
20 The ALJ is likewise responsible for resolving ambiguities. *See*
21 *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th
22 Cir. 1984); see also *Thorne v. Schweiker*, 694 F.2d 170, 172 (8th
23 Cir. 1982).   In this case, the ALJ failed to explain the weight
24 given to the individual medical sources and failed to address and
25 resolve the ambiguities presented by Dr. Flanagan's assessment of
26 Plaintiff's multiple "moderate" limitations, with the conclusion
27 that he could work.  A valid explanation may exist for the omission
28 of the section I limitations assessed by Dr. Flanagan, but the ALJ

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 9

did not provide one. "Regardless whether there is enough evidence in the record to support the ALJ's decision, principles of administrative law require the ALJ to rationally articulate the grounds for h[is] decision and [the courts] confine our review to the reasons supplied by the ALJ." *Steele v. Barnhart*, 290 F.3d 936, 941(7th Cir. 2002) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93-95, 63 S.Ct. 454, 87 L. Ed. 626 (1943) (other citations omitted)).

In this case, the ALJ failed to specify the weight he gave to the medical assessments in the record. Additionally, the ALJ failed to provide an explanation for rejecting the moderate limitations assessed by Dr. Flanagan. These limitations were not included in the hypothetical posed to the VE. As a result, the hypothetical was incomplete and the VE's testimony predicated upon the incomplete hypothetical was of "no evidentiary value." See *Carmickle*, 533 F.3d at 1166 (VE's testimony "has no evidentiary value" where hypothetical question is incomplete); *Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001).

When an ALJ's denial of benefits is not supported by the record, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (internal quotation marks omitted). The court may exercise discretion and direct an award of benefits "where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). Remand for further proceedings is appropriate where outstanding issues exist that must be resolved before a determination can be made, and it is not clear from the record that

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 10

the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. *See Vasquez v. Astrue,* 572 F.3d 586, 593 (9th Cir. 2009).

In this case, the ALJ failed to provide a specific analysis related to the medical opinion evidence, and thus it is not possible for the court to review whether the medical evidence was properly evaluated. See *Lewin v. Schwieker*, 654 F.2d 631, 634 (9th Cir. 1981)(ALJ must make fairly detailed findings in support of administrative decisions to permit courts to review those decisions intelligently). As such, remand for additional proceedings is necessary.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error. On remand, the ALJ shall specifically explain the weight given to all medical source opinions and resolve conflicts between and apparent ambiguities within the medical opinions, and if necessary, provide explanation for why significant probative evidence has been rejected. See, *Vincent v. Heckler*, 739 F.2d 1393, 1394-1395 (9th Cir. 1984). The decision is therefore **REVERSED** and the case is **REMANDED** for further proceedings consistent with this opinion. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED** and the matter is **REMANDED** to the Commissioner for additional proceedings.

2. Defendant's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 11

1        3.    An application for attorney fees may be filed by separate

2 motion.

3        The District Court Executive is directed to file this Order and

4 provide a copy to counsel for Plaintiff and Defendant. Judgment

5 shall be entered for Plaintiff, and the file shall be **CLOSED**.

6        DATED August 27, 2013.

7

8                    S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – 12